Thiago M. Coelho, SBN 324715
*thiago@wilshirelawfirm.com*
Lauren M. Lendzion, SBN 239184
*lauren.lendzion@wilshirelawfirm.com*
Jennifer M. Leinbach, SBN 281404
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and the Proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE RODRIGUEZ-GUZMAN, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

CHEROKEE NATION MANAGEMENT & CONSULTING, L.L.C., a Cherokee Nation limited liability company; and DOES 1-10, inclusive,

*Defendants.*

Case No.: '26CV3640 BJC JLB

**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, et seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff Jose Rodriguez-Guzman ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against Defendant Cherokee Nation Management & Consulting, L.L.C. ("CNMC" or "Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2. Plaintiff worked for Defendant as an hourly-paid, non-exempt Warehouse Specialist in San Diego County, California from approximately March 22, 2016 to approximately June 20, 2024. During the relevant statutory period, Defendant scheduled, required, suffered, or permitted Plaintiff and similarly situated employees to work more than forty hours in one or more workweeks.

3. Defendant performed work as a federal contractor, including warehouse, inventory, logistics, and support services on or in connection with U.S. military installations. As a result, Plaintiff and similarly situated employees were required to remain available to assist military personnel, including during recorded meal periods, and were not fully relieved of duty as required by the FLSA.

4. Defendant failed to pay Plaintiff and similarly situated employees all compensation required by the FLSA, including by failing to pay for all compensable work time; failing to pay overtime compensation for all hours worked over forty in a workweek; issuing “time credits,” “comp time,” paid-time off credits, or similar leave credits in lieu of cash overtime compensation; requiring or permitting off-the-clock work before clocking in, during unpaid or automatically deducted meal periods, and after clocking out; and failing to maintain accurate records of all hours worked and all time-credit accruals, use, expiration, forfeiture, and cash-out.

5. Plaintiff seeks unpaid minimum wages and overtime compensation, liquidated damages, equitable tolling where appropriate, reasonable attorneys' fees and costs, and all other relief available under the FLSA. Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the FLSA, 29 U.S.C. §§ 201, et seq.

7. This Court also has jurisdiction under 29 U.S.C. § 216(b), which authorizes an employee to bring an action in federal court to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs.

8. This Court has personal jurisdiction over Defendant because Defendant employed Plaintiff and similarly situated employees in California, conducted business in California, contracted to perform services in California, and the claims arise from Defendant's employment practices affecting employees in California.

9. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in San Diego County, California, and because Defendant employed Plaintiff and similarly situated employees in this District.

## III. THE PARTIES

10. Plaintiff Jose Rodriguez-Guzman is an individual and resident of National City, California. Plaintiff worked for Defendant in San Diego County, California as a Warehouse Specialist from approximately March 22, 2016 to approximately June 20, 2024.

11. Defendant Cherokee Nation Management & Consulting, L.L.C. is, on information and belief, a Cherokee Nation limited liability company that conducts business in California and employed Plaintiff and similarly situated employees during the relevant period.

12. At all relevant times, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) because Defendant suffered or permitted Plaintiff to work, exercised control over Plaintiff's wages, hours, schedules, timekeeping,

payroll practices, and working conditions, and maintained the employment policies and practices challenged herein.

13. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive. Plaintiff alleges, on information and belief, that each Doe Defendant exercised control over one or more challenged employment practice, including timekeeping, payroll, scheduling, meal-period deductions, regular-rate calculations, compensation policies, and/or the decision to treat recorded meal periods as non-compensable. Plaintiff will seek leave to amend when their identities and roles are ascertained through discovery.

## IV. FLSA COVERAGE

14. At all relevant times, Plaintiff and similarly situated employees were covered employees within the meaning of the FLSA.

15. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s). On information and belief, Defendant had annual gross volume of sales made or business done of not less than $500,000 and employed two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

16. On information and belief, Defendant's annual gross volume of sales made or business done was in excess of $500,000 during each year of the relevant period. Alternatively, Defendant is part of a unified enterprise with related Cherokee Nation entities whose combined annual gross volume exceeded $500,000, further establishing enterprise coverage under 29 U.S.C. § 203(s).

17. Plaintiff and similarly situated employees also were individually engaged in commerce or in the production of goods for commerce because, among other things, they handled products, inventory, tools, equipment, communications systems, computer systems, supplies, materials, and other items that had moved in

interstate commerce; communicated across state lines; and performed work under federal contracts and in support of federal operations.

18. Defendant's services included federal contractor work in California, including work involving warehouse, inventory, logistics, and product-management support. Defendant knew or should have known that its hourly, non-exempt employees were covered by federal wage law and entitled to be paid for all compensable work time and overtime hours required by the FLSA.

19. Defendant operated warehouse, inventory, logistics, and support-service operations at or in connection with federal and/or military facilities in California. Plaintiff and similarly situated employees regularly handled equipment, supplies, inventory, tools, computer systems, communications devices, and materials that originated outside California, moved through interstate channels, or were used in support of federal operations. Plaintiff and similarly situated employees also used electronic systems and communications that crossed state lines in connection with Defendant's federal contractor work.

20. Defendant's California operations were part of a centralized federal contractor enterprise with common ownership, management, payroll, timekeeping, human-resources, scheduling, and compensation policies applicable to Plaintiff and similarly situated employees.

## V. FACTUAL ALLEGATIONS

21. Plaintiff was paid an hourly wage and classified as non-exempt from overtime during his employment.

22. Plaintiff's primary duties were manual, clerical, warehouse, inventory, stocking, logistics-support, customer-service, and equipment-related tasks. Plaintiff did not have authority to hire or fire employees, did not customarily and regularly direct the work of two or more full-time employees, did not exercise independent discretion on matters of business significance, and did not perform exempt executive, administrative, professional, computer or outside-sales duties.

23. Defendant regularly scheduled Plaintiff to work at least five days in a workweek and at least eight hours per day. Plaintiff also worked more than forty hours in one or more workweeks during the relevant period.

24. Throughout the relevant period, Defendant maintained policies and practices that failed to capture and compensate all hours worked by Plaintiff and similarly situated employees.

25. Defendant required, pressured, encouraged, suffered, or permitted Plaintiff and similarly situated employees to perform work before clocking in, after clocking out, and during unpaid or automatically deducted meal periods.

26. Plaintiff, for example, was required to remain available to always assist sailors and other military personnel while present at the warehouse, including during recorded meal periods. If a sailor or other military personnel entered the warehouse during Plaintiff's recorded meal break, Plaintiff was required to stop his meal and assist them. Plaintiff and similarly situated employees therefore were not fully relieved of duty during those periods, making such time compensable under the FLSA as hours worked. Defendant knew or should have known that employees were performing compensable work during recorded meal periods because Defendant controlled the facility, assigned the workload, maintained the timekeeping and payroll systems, and benefited from the work performed during those periods.

27. Plaintiff was required to perform warehouse, inventory, stocking, customer-service, equipment, and related work tasks. Plaintiff was required to assist sailors and other personnel when they came into the warehouse, including during periods recorded as meal periods or otherwise treated as non-compensable time.

28. Plaintiff and similarly situated employees were not fully relieved of duty during recorded meal periods. Defendant required them to remain on the premises, remain attentive to warehouse operations, and respond to requests from military or facility personnel. When military or facility personnel requested assistance during recorded meal periods, Plaintiff and similarly situated employees

were required to stop their meal periods and perform work. Defendant nevertheless treated those meal periods as non-compensable.

29. Defendant knew or should have known that Plaintiff and similarly situated employees performed compensable work during unpaid time because Defendant controlled their schedules, assigned their workloads, maintained their time and payroll records, supervised their work, and benefitted from their uncompensated labor.

30. Defendant created, maintained, and/or relied on timekeeping records that inaccurately reflected that Plaintiff and similarly situated employees had taken uninterrupted, duty-free meal periods when, in fact, they continued to perform compensable work that was unrecorded and uncompensated. This practice caused Defendant's time and payroll records to systematically understate hours worked and overtime owed, and constitutes evidence of willful disregard for Defendant's obligations under the FLSA.

31. Defendant failed to pay Plaintiff and similarly situated employees overtime compensation at one and one-half times their regular rate of pay for all hours worked over forty in a workweek.

32. During the relevant period, Defendant maintained a uniform policy or practice of issuing "time credits," "comp time," paid-time-off credits, or similar leave credits to Plaintiff and similarly situated employees when they worked more than forty hours in a workweek, instead of paying cash overtime compensation at one and one-half times their regular rates of pay.

33. Defendant did not pay Plaintiff and similarly situated employees overtime wages on the regular payday for the pay period in which overtime was earned. Instead, Defendant banked overtime hours as time credits that employees could purportedly use for time off in the future. Defendant's time credit practice failed to satisfy the FLSA because the FLSA requires overtime compensation for

hours worked over forty hours in a workweek, and Defendant's later-issued credits were not cash overtime compensation paid when due.

34. Defendant was not entitled to substitute time credits or compensatory time off for cash overtime compensation under 29 U.S.C. § 207(o). Defendant operated as a commercial federal contractor and employer of Plaintiff and similarly situated employees, and its challenged time-credit practice did not satisfy any statutory compensatory-time exception. Alternatively, to the extent Defendant contends § 207(o) applied, Defendant failed to satisfy the statutory requirements because, among other things, Defendant did not have a valid pre-work agreement or understanding with Plaintiff and similarly situated employees, did not provide compensatory time at the legally required rate, did not allow employees to freely use accrued time credits as required by law, failed to cash out unused time credits upon separation, failed to maintain accurate records of time-credit accruals and usage, and used the time-credit system to avoid paying cash overtime wages required by the FLSA.

35. To the extent Plaintiff's overtime hours were also caused or increased by interrupted meal periods, off-the-clock work, pre-shift work, or post-shift work, Defendant's time-credit practice compounded the FLSA violation because Defendant failed to record all compensable hours and then failed to pay cash overtime compensation for all recorded or unrecorded hours worked over forty in a workweek.

36. On information and belief, Defendant's time-credit practice applied uniformly to Plaintiff and other hourly-paid, non-exempt employees in California, who were not paid cash overtime premiums when they worked more than forty hours in a workweek but instead received time credits that could supposedly be used for future time off.

37. Defendant's timekeeping and payroll records did not accurately capture all compensable time worked by Plaintiff and similarly situated employees,

including time worked during recorded meal periods, other unpaid time, and overtime hours for which Defendant issued time credits, comp-time credits, paid-time-off credits, or similar leave credits. As a result, the records understated total hours worked, overtime owed, and the cash overtime compensation Defendant was required to pay.

38. Defendant knew or should have known the records were inaccurate because supervisors required employees to remain available during recorded meal periods, observed or benefitted from work performed during those periods, knew employees were working more than forty hours in one or more workweeks, and nevertheless caused payroll to treat those periods and overtime hours as non-compensable or as time-credit hours rather than cash overtime hours. Defendant's recordkeeping failures support Plaintiff's and the Collective's ability to present a reasonable estimate of uncompensated work time under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

39. Defendant also failed to make, keep, and preserve accurate records of time credits, comp-time credits, paid-time-off credits, or similar leave credits issued in lieu of overtime compensation, including records showing when such credits were accrued, the number of overtime hours associated with each credit, whether credits were accrued at straight time or at one and one-half times the overtime hours worked, whether credits were used, whether credits expired or were forfeited, whether unused credits were cashed out, and whether any cash overtime compensation was paid for the underlying overtime work.

40. Defendant's violations were willful because Defendant knew Plaintiff and similarly situated employees were classified as non-exempt and therefore eligible for overtime compensation, knew they worked more than forty hours in one or more workweeks, and affirmatively chose not to pay cash overtime wages. Instead, Defendant created and maintained a time-credit system that banked overtime hours for potential future time off, thereby knowingly substituting time credits for overtime

wages required by the FLSA. Defendant's use of a centralized time-credit practice demonstrates that the violations were not accidental, isolated, or the result of payroll error, but rather were the product of a uniform compensation policy or practice.

## VI. COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action as an opt-in collective action under 29 U.S.C. § 216(b) on behalf of himself and all similarly situated employees.

42. The proposed FLSA Collective is defined as follows: All current and former hourly-paid or non-exempt employees employed by Defendant in California at any time during the three years preceding the filing of this action through final judgment who worked more than forty hours in one or more workweeks and were not paid all minimum wages or overtime compensation required by the FLSA.

43. Plaintiff reserves the right to amend, narrow, expand, or otherwise modify the Collective definition based on discovery, including discovery regarding job titles, worksites, policies, pay practices, contracts, timekeeping systems, payroll systems, and the identities of similarly situated employees.

44. Equitable tolling of the applicable limitations period is warranted for Plaintiff and similarly situated employees because Defendant's timekeeping, payroll, and time-credit practices concealed the true number of compensable hours worked and overtime owed. Defendant's records represented that Plaintiff and similarly situated employees were either relieved from duty during meal periods or had been compensated through time credits, even though Defendant required them to remain available and perform work during recorded meal periods and did not pay cash overtime compensation when due. Plaintiff and similarly situated employees reasonably relied on Defendant's payroll, timekeeping, and time-credit records and did not have access to complete payroll calculations, overtime calculations, regular-rate calculations, or records showing how Defendant treated interrupted meal periods, time-credit accruals, usage, expiration, forfeiture, or cash-out.

45. Plaintiff and Collective Members were similarly situated because they worked under common federal contractor operations, used the same or substantially similar timekeeping, payroll, and time-credit systems, were subject to the same policy or practice of receiving time-credits in lieu of cash overtime compensation, and were paid under common payroll policies that failed to compensate all hours worked over forty in a workweek at one and one-half times the regular rates of pay.

46. Plaintiff and members of the Collective are similarly situated because their FLSA overtime claims arise from the same core compensation policy and can be proven through common evidence, including Defendant's timekeeping records, payroll records, time-credit records, written policies, testimony, payroll practices, and records showing whether Defendant paid cash overtime premiums for hours worked over forty in a workweek.

47. Questions common to Plaintiff and the Collective include, without limitation, whether Defendant maintained a policy or practice of issuing time credits, comp-time credits, paid-time-off credits, or similar leave credits in lieu of cash overtime compensation; whether Defendant paid overtime compensation when due; whether Defendant tracked and recorded time-credit accruals, usage, expiration, forfeiture, and cash-out accurately; whether Defendant failed to pay overtime wages for time-credit hours; whether Defendant failed to compensate employees for work performed during unpaid or automatically deducted meal periods; whether Defendant's violations were willful; whether Defendant acted in good faith; and whether Plaintiff and Collective Members are entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs, equitable tolling, and other relief available under the FLSA.

48. Plaintiff's written consent to join this action is filed concurrently with this Complaint. Other similarly situated employees may join this action by filing written consents under 29 U.S.C. § 216(b).

## VII. FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. §§ 207 and 216(b)**

49. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as though fully set forth herein.

50. The FLSA requires employers to pay non-exempt employees overtime compensation at a rate not less than one and one-half times the employee's regular rate of pay for all hours worked over forty in a workweek.

51. Plaintiff and similarly situated employees worked more than forty hours in one or more workweeks during the relevant period.

52. Defendant failed to pay Plaintiff and similarly situated employees overtime compensation required by the FLSA for all hours worked over forty in a workweek, including because Defendant issued time credits, comp-time credits, paid-time-off credits, or similar leave credits in lieu of cash overtime compensation; failed to record and compensate all compensable work time, required or permitted off-the-clock work, treated work performed during meal periods as non-compensable; and, to the extent applicable, failed to include separate remuneration in the regular rate.

53. Defendant further violated 29 U.S.C. § 207(a) by issuing time credits, comp-time credits, paid-time-off credits, or similar leave credits in lieu of paying cash overtime compensation for hours worked over forty in a workweek. Defendant's time-credit practice did not satisfy the FLSA because Defendant did not pay overtime compensation at one and one-half times Plaintiff's and Collective Members' regular rates of pay on the regular payday for the pay period in which the overtime was earned. Defendant was not entitled to substitute time credits or compensatory time off for cash overtime compensation under 29 U.S.C. § 207(o), and/or Defendant failed to satisfy the requirements of § 207(o).

54. To the extent Defendant contends the time credits were lawful compensatory time, Defendant bears the burden of establishing that its compensation practice satisfied all statutory and regulatory requirements. Defendant cannot satisfy that burden because, among other things, Plaintiff and similarly situated employees were non-exempt employees of a commercial federal contractor, were not paid cash overtime premiums when overtime was earned, and were not provided time credits in a manner that complied with the FLSA.

55. Defendant's violations were willful within the meaning of the FLSA because Defendant knowingly maintained a centralized time-credit practice that substituted future leave credits for cash overtime compensation owed to hourly-paid, non-exempt employees who worked more than forty hours in a workweek.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and similarly situated employees suffered damages in the form of unpaid overtime compensation, liquidated damages, interest to the extent available, attorneys' fees, costs, and other relief available under the FLSA.

## VIII. SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages for All Hours Worked in Violation of the FLSA, 29 U.S.C. §§ 206 and 216(b)

57. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as though fully set forth herein.

58. The FLSA requires employers to pay non-exempt employees at least the applicable federal minimum wage for all hours worked.

59. Defendant failed to compensate Plaintiff and similarly situated employees for all compensable hours worked, including work performed before clocking in, after clocking out, and during unpaid or automatically deducted meal periods.

60. To the extent Defendant's failure to pay for all compensable work time caused Plaintiff's or similarly situated employees' wages to fall below the minimum

wage required by the FLSA in one or more workweeks, Defendant violated 29 U.S.C. § 206.

61. Defendant's violations were willful within the meaning of the FLSA.

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and similarly situated employees suffered damages in the form of unpaid minimum wages, liquidated damages, interest to the extent available, attorneys' fees, costs, and other relief available under the FLSA.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employees who opt into this action, prays for judgment against Defendant as follows:

1. That this action be certified and maintained as a collective action under 29 U.S.C. § 216(b), and that notice be issued to similarly situated employees;

2. That Defendant be ordered to produce contact information for similarly situated employees and that Court-approved notice and consent forms be issued by mail, email, text message, and any other method approved by the Court;

3. That Plaintiff be appointed representative of the FLSA Collective;

4. That Plaintiff's counsel be appointed counsel for the FLSA Collective;

5. For unpaid minimum wages, to the extent supported by evidence, and unpaid overtime compensation according to proof, including overtime compensation owed for all hours for which Defendant issued time credits, comp-time credits, paid-time-off credits, or similar leave credits in lieu of cash overtime wages;

6. For an accounting of all overtime hours for which Defendant issued time credits, comp-time credits, paid-time-off credits, or similar leave credits, including records of accrual, use, expiration, forfeiture, and cash-out of such credits;

7. For an equal amount as liquidated damages under 29 U.S.C. § 216(b);

8. For pre-judgment and post-judgment interest to the extent permitted by law;

9. For equitable tolling of the limitations period for Plaintiff and similarly situated employees to the extent permitted by law;

10. For reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

11. For declaratory relief that Defendant's challenged policies and practices violate the FLSA;

12. For such other and further relief as the Court deems just and proper.

Dated: June 19, 2026

Respectfully submitted,

Thiago M. Coelho
Lauren M. Lendzion
Jennifer M. Leinbach
**WILSHIRE LAW FIRM, PLC**
*Attorneys for Plaintiff and the Proposed FLSA Collective*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 19, 2026

Respectfully submitted,



Thiago M. Coelho
Lauren M. Lendzion
Jennifer M. Leinbach
**WILSHIRE LAW FIRM, PLC**
*Attorneys for Plaintiff and the Proposed FLSA Collective*